**Samson Taiwo DADA, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60180

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 2006.

Raed Gonzalez, Quan, Burdette & Perez, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Samson Taiwo Dada is a citizen of Nigeria who was admitted into the United States in April 1998 and remained in the country beyond the authorized period. An immigration judge (IJ) ordered Dada to be removed but granted his request for voluntary departure. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. Dada filed a motion to reopen on the ground that he was seeking adjustment of status, and he sought leave to withdraw his request for voluntary departure. The BIA denied Dada's motion to reopen on the ground that, because he failed to leave the United States by the imposed deadline for voluntary departure, he was statutorily ineligible for adjustment of status, pursuant to 8 U.S.C. § 1229c(d).

In this petition for review, Dada argues that the BIA erred by (1) finding him to be statutorily ineligible for adjustment of status under § 1229c(d) and (2) denying his motion to reopen despite the IJ's denial of Dada's request for a continuance. The BIA's interpretation of the applicable statutes rendering Dada ineligible was reason-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

able. *See Banda–Ortiz v. Gonzales,* 445 F.3d 387, 389–91 (5th Cir.2006). The IJ did not abuse its discretion by denying Dada's request for a continuance. *See Ahmed v. Gonzales,* 447 F.3d 433, 438–39 (5th Cir.2006). Dada's arguments challenging the IJ's decision and the BIA's affirmance of that decision are not cognizable within his petition for review, which was directed at the BIA's denial of Dada's motion to reopen. *See Guevara v. Gonzales,* 450 F.3d 173, 176 (5th Cir.2006).

Dada has failed to show that the BIA abused its discretion by denying his motion to reopen. *See Zhao v. Gonzales,* 404 F.3d 295, 303–04 (5th Cir.2005). Accordingly, his petition for review is DENIED.